# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SMYTH, | Case No. 1:25-cv-01285-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| YEON LEE, M.D., | (ECF No. 12) |
| Defendant. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Robert Smyth ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 8, 2026, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 9.) Plaintiff's first amended complaint, filed on May 18, 2026, is currently before the Court for screening. (ECF No. 12.)

## I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Valley State Prison ("VSP") where the events in the complaint are alleged to have occurred.  Plaintiff names Dr. Yeon Lee, his primary care provider at VSP, as the sole defendant.

Plaintiff alleges:  On or about May 12, 2025, Plaintiff was transferred to Valley State Prison.  Soon thereafter, Plaintiff was seen by Defendant Dr. Lee, at which time Plaintiff informed Defendant that he was previously prescribed orthotic footwear, he was in need of new replacement orthopedic footwear and custom insoles due to correctional staff's failure to send with him, and he was suffering from diabetic neuropathy and hammertoes bilaterally on his second and third toes.  Because Defendant denied replacement of orthotic footwear causing Plaintiff to suffer and endure pain, Plaintiff asserts he was injured and suffered "unwanton [sic] infliction of pain as a proximate cause of all defendant's direct actions."  (ECF No. 12 at 2.)

In his factual allegations, Plaintiff alleges that on or about January 12, 2019, he was approved for orthotic shoes due to chronic pain while at the California Substance Abuse Treatment Facility.  On or about May 12, 2025, he was transferred to VSP.  Upon arrival, he was issued personal property and discovered that his orthotic shoes were missing.  On the same day, Defendant Dr. Lee, without examining Plaintiff, submitted an order stating orthopedic shoes with

custom orthotic inserts, "Do not dispense," patient already has.  (ECF No. 12 at 4-5.)  Plaintiff attempted to explain to Defendant that he was not in physical possession of orthotic shoes due to correctional staff's failure to provide upon transfer.

On or about June 4, 2025, Plaintiff had an in-person visit with Defendant at which time Plaintiff told Defendant he was in need of replacement orthotic shoes due to his bone disease of spine, severe orthopedic of hips, knees, ankles, feet.  Defendant refused Plaintiff's request for orthotics evaluation and replacement footwear.

On June 9, 2025, Plaintiff submitted a health care grievance for the unconstitutional actions of Dr. Lee.

On or about June 12, 2025, Plaintiff had another appointment with Defendant and again requested he be provided replacement orthotic footwear and custom inserts due to pain he suffered from the standard issued prison shoes.  Defendant once against refused Plaintiff's request.

On or about June 26, 2025, Plaintiff was again seen by Defendant and once again requested orthotic footwear due to pain informing Defendant he has calluses on feet that are painful.

Plaintiff contends that he suffered the infliction of pain in his body for a period of 11 months.  He alleges cruel and unusual punishment and deliberate indifference to medical needs in violation of the Eighth Amendment.  Plaintiff claims that Defendant was deliberately indifferent to Plaintiff's medical needs in that she knew Plaintiff suffered from a serious medical condition and was in pain and that she failed to secure any type of treatment or to use care in the performance of her health care duties.  Plaintiff claims he was injured in body and mind and still suffers physical and emotional distress.

As relief, Plaintiff seeks compensatory and punitive damages.

**III.    Discussion**

**Eighth Amendment – Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate

indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096.  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to a serious medical need. According to Plaintiff's allegations, on the date of his transfer to VSP, Defendant issued an order directing that orthopedic shoes with custom inserts not be dispensed because Plaintiff already had them. Plaintiff alleges that he attempted to explain to Defendant that he was not in possession of the orthotic shoes due to correctional staff's failure to provide upon transfer. At best, Plaintiff's allegations suggest negligence on the part of Defendant, not deliberate indifference to a serious medical need. According to Plaintiff's allegations, correctional staff were responsible for the failure to provide his shoes upon transfer. There is no indication that Defendant knew that correctional staff would not provide the shoes or that Plaintiff could not obtain them from correctional staff.

Plaintiff next alleges that during a visit with Defendant on June 4, 2025, Plaintiff told Defendant that he was in need of replacement orthotic shoes due to his bone disease of the spine and severe orthopedic of his hips, knees, ankles, and feet, but Defendant refused Plaintiff's request for orthotics. At best, these allegations suggest a difference of opinion between Plaintiff and Defendant concerning the appropriate care for his bone disease and orthopedic issues. This is not sufficient to state a claim for deliberate indifference to a serious medical need. Additionally, the Court notes that Plaintiff omits his previous allegations that Defendant stated she could not locate anything in Plaintiff's medical file concerning him being issued orthotic shoes and she refused to place a request for an orthotics evaluation and replacement footwear. (*See* ECF No. 1.) While it is true that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County.*, 693 F.3d 896, 927 (9th Cir. 2012), Plaintiff also may not omit relevant facts in an attempt to state a cognizable claim. *See Azadpour v. Sun Microsys., Inc.*, No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'") (citations omitted).

Plaintiff next alleges that during an appointment on June 12, 2025, and despite his request for orthotic shoes and inserts, Defendant once again refused Plaintiff's request. These allegations again suggest a difference of opinion between Plaintiff and Defendant concerning the appropriate

5

care or negligence, neither of which support a claim for deliberate indifference to serious medical need.

As a final matter, Plaintiff alleges that he saw Defendant on June 26, 2025, and requested orthotic replacement footwear due to pain and informed Defendant that he had calluses on his feet. Plaintiff's complaint does not include any additional factual allegations regarding Defendant's action or inaction at this visit to support a claim for deliberate indifference. To the extent Defendant refused to provide orthotic replacement footwear, this again suggests a mere difference of opinion between Plaintiff and Defendant concerning what medical care was appropriate, which does not amount to deliberate indifference.

## IV.    Conclusion and Order

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable claim upon which relief can be granted. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 27, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE